**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL PAUL MCDANIEL, :<br>:<br>Petitioner, :<br>:<br>v. :<br>:<br>STATE OF NEW JERSEY, :<br>:<br>Respondent. :<br>: | Civil Action No. 08-4371 (MLC)<br><br>**MEMORANDUM OPINION** |

**APPEARANCES:**

Michael Paul McDaniel, Prison #408833, SBI #2011206C
East Jersey State Prison
Petitioner <u>Pro</u> <u>Se</u>

**COOPER, District Judge**

Petitioner has filed a notice of removal under 28 U.S.C. § 1443(1) in a state criminal prosecution brought against him, alleging that (1) state criminal charges were filed against him on November 1, 2007, and (2) he was indicted on these charges in New Jersey Superior Court, Monmouth County, in February 2008. (Pet., at 3). Petitioner designates his indictment number as 08-02-467, yet asserts that he:

> was not supplied with [a] copy of any true indictment bill and . . . he was indicted under the wrong statute of 2C:12-1(b)(5)9A), but this indictment cannot be p[ro]secuted under a statute that does not exist under the law[1] . . . .

---

[1] It appears that Petitioner refers to a typographical error in a letter prepared by the Monmouth County Sheriff's Office when that office forwarded Petitioner's fingerprints to the New Jersey State Police. (Pet., at 6). In the letter, the Sheriff's Office indicated that Petitioner was charged pursuant

> [Petitioner] under the federal constitution has a[n] equal right to testify in front of the grand jurors to offer defendant's version or side of the facts, if not [Petitioner's] constitutio[nal] rights are violated and [Petitioner] is being <u>deprived</u> of civil liberties guaranteed to him[2] . . . .

(Pet., at 4 (emphasis in original).)

A removal petition under 28 U.S.C. § 1443(1) must concern an alleged denial of a right arising under federal law "providing for specific civil rights stated in terms of <u>racial</u> equality." <u>Georgia v. Rachel</u>, 384 U.S. 780, 792 (1966) (emphasis added). Petitioner here has not met the first part of the test, since the right to obtain a notice of indictment or to testify during one's grand jury proceedings does not implicate any federal law "stated in terms of racial equality."  Thus, this state criminal prosecution will be remanded to state court.

A removal petition under 28 U.S.C. § 1443(1) also must allege that Petitioner is "denied or cannot enforce" the specified federal rights "in the courts of the State."  This provision requires that the "denial be manifest in a formal expression of

---

to "2C-12-1(B)(5)9A)."  <u>Id.</u>  The reference to "2C-12-1(B)(5)9A)" indicates that the charges against Petitioner were brought under N.J.S.A. § 2C:12-1(b)(5)(a), but the processing officer did not press the "shift" key while typing the "open parenthetical" punctuation, hence causing the entry of "9" instead of "(".

[2]  Since Petitioner alleged that he was indicted, the Court presumes that the grand jury proceedings already took place.  But the Court is not clear as to how Petitioner was "deprived" of his right to testify during these proceedings, since the petition is silent as to this matter.

state statutory law," Rachel, 384 U.S. at 803, such as a state legislative or constitutional provision, "rather than a denial first made manifest at the trial of the case." Id. at 799.

> Except in the unusual case where an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court, it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quotes and cites omitted).

Even if this Court were to hypothesize that Petitioner was intending to implicate a federal law "providing for specific civil rights stated in terms of racial equality," Petitioner did not assert that any legislative or constitutional provision of New Jersey prevents his enforcement of his rights.

## CONCLUSION

This state criminal matter will be remanded to state court. The Court will issue an appropriate order.

                                                   s/ Mary L. Cooper
                                                  **MARY L. COOPER**
                                                  United States District Judge

Dated:    September 26, 2008